## Wachovia Bank v. Kelley

*James P. Kennedy* and *William G. Tressler,* for plaintiff.

*R. Denning Gearhart,* for defendants.

RUEST, *J.,* August 15, 2008—Presently before the court is plaintiff's motion for summary judgment. Oral argument was held on June 20, 2008. Plaintiff submitted a brief. Upon consideration of the brief, arguments, and the relevant case law, the court determines plaintiff's motion is denied.

## FACTUAL BACKGROUND

On December 1, 2000, defendant Catherine M. Kelley executed a mortgage in favor of First Union National Bank of Delaware for $52,200. The mortgage was recorded on December 2, 2000 in the office of the Recorder of Deeds in and for Centre County in mortgage book 1196 page 774. Plaintiff is the successor by merger to First Union National Bank of Delaware.

The real property subject to the mortgage is 435 Water Street, Philipsburg, Centre County, Pennsylvania 16866. At the time the mortgage was signed, defendant Catherine M. Kelley was the record owner of the property. By deed dated October 25, 2006, defendant Catherine M. Kelley conveyed title to the property to Jennifer A. Kelley while retaining a life estate for herself.

## PROCEDURAL HISTORY

Plaintiff initiated this cause of action by filing a complaint on August 11, 2006. Defendant filed preliminary objections to the complaint. Plaintiff responded to the preliminary objections. By order entered

November 8, 2006, the Honorable Charles C. Brown Jr., granted the preliminary objections and directed plaintiff to file a more specific pleading.

Plaintiff filed the amended complaint on December 4, 2006. Defendant filed an answer and counterclaims on February 26, 2007. Plaintiff filed a response to the counterclaims on March 29, 2007.

Plaintiff served defendant with interrogatories, request for production of documents, and request for admissions on April 18, 2007. Defendant responded to plaintiff's discovery request on May 29, 2007. The parties filed a joint stipulation joining Jennifer A. Kelley as an additional defendant, which was approved by the court on August 8, 2007. Plaintiff filed a second amended complaint in accordance with the stipulation on August 17, 2007. Defendants filed an answer and counterclaims to the second amended complaint on September 21, 2007 by referencing the answer to the amended complaint filed on February 26, 2007.

Plaintiff filed a motion for summary judgment on March 5, 2008.

## DISCUSSION

This case is easily summarized: defendant Catherine M. Kelley paid her mortgage each month to plaintiff's servicing firm. She then received a refund check for overpaying escrow. Plaintiff alleges defendant missed a payment. Defendant asserts she made the missing payment. Believing she was paying the correct amount each month, defendant continued to send checks and plaintiff continued to accept these checks. In actuality,

defendant was not taking into account her alleged underpayment and subsequent late charges in her monthly checks. Defendant was clearly confused by the situation, and receiving an escrow refund check in October 2005 with little explanation only served to confuse her further. Plaintiff then stopped accepting payments in June 2006 and moved to foreclose on defendant's home.

In Pennsylvania, motions for summary judgment are governed by the well-established standard set forth below:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Barnish v. KWI Building Company,* 916 A.2d 642, 645 (Pa. Super. 2007).

In support of a motion for summary judgment, the moving party may show that the non-moving party is unable to satisfy an element of his cause of action or defense. *First Pennsylvania Bank N.A. v. Triester,* 251 Pa. Super. 372, 380 A.2d 826 (1977).

Plaintiff argues there are no remaining issues of material facts. Defendant maintains she did not miss the May 2006 payment. This is an issue of fact upon which plaintiff's claim clearly rests. Additionally, the court determines there are outstanding issues of material fact relative to the allegedly missed and short payments.

Accordingly the following is entered:

ORDER

And now, August 15, 2008, plaintiff's motion for summary judgment is denied.